### Rube Haney v. The State.

No. 183.    Decided November 24, 1909.

**Burglary—Sufficiency of the Evidence.**

Where, upon an appeal from a conviction of burglary, the record contained no bills of exception to the ruling of the court below, and the evidence was sufficient to sustain the conviction, the same will not be disturbed.

Appeal from the District Court of Palo Pinto.    Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that a saloon was burglarized at night between Saturday and Sunday and quite a quantity of intoxicating liquors taken therefrom, some of which was found in defendant's possession on the night of the burglary, and more of it was found hidden away by the defendant, and afterwards found; that some of this liquor was fully identified as coming from said saloon; that the time of the taking of the goods corresponded with that alleged in the indictment; that the burglary must have occurred between one and four o'clock Sunday morning; that the goods were missed by the saloon men the following Monday morning; that they had not given defendant their consent to take them; that the defendant and another were seen near said saloon after midnight on the night of the burglary inquiring for intoxicating liquors to drink, but could not get in the saloon as the doors were locked; that·a strip of the moulding on one of the doors, fitting to the edge of the door was found to have been removed or broken off so that the lock might have been opened without a key, and that the saloon was found in this condition on said Monday morning, etc.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of the crime of burglary, his punishment being assessed at two years confinement in the penitentiary.

There are no bills of exception incorporated in the record. The motion for new trial alleges the insufficiency of the evidence to sup-

port the conviction; that the court erred in forcing the defendant into trial without the witness Rickles, and that, therefore, he did not have a fair trial. So far as the record is concerned there is no application for continuance and no bill of exceptions reserved to the ruling of the court.

We have examined the evidence carefully and are of opinion that it is sufficient and deem it unnecessary to recapitulate or state the evidence. The jury were fully justified in reaching the conclusion that appellant was guilty as charged. '

*Affirmed.*

Brooks, Judge, absent.